ARKANSAS-LOUISIANA GAS COMPANY *v.* PFEIFER.

4-5513                                                    129 S. W. 2d 235

Opinion delivered June 5, 1939.

*Buzbee, Harrison, Buzbee & Wright,* for appellant.
*Taylor Roberts,* for appellee.

SMITH, J. Mrs. Sophia Nathan, an elderly lady about 90 or 91 years old, resided at the home of her son-in-law and daughter, Mr. and Mrs. Sam Block, in the city of Little Rock. Mr. Block employed the Arkansas-Louisiana Gas Company to install two gas floor furnaces in his residence, which was a six-room cottage. One furnace was installed in a small hall between two bedrooms and adjacent to the bathroom. The gas company employees began the installation of the other furnace in the living room near French doors which opened into the dining room. In order to install this furnace the carpet was rolled back and a number of tools laid out on the floor near the hole which was being cut for the furnace. At noon the employees left the house to go to lunch. Soon after the employees left the house Mrs. Nathan stepped into the hole which was being prepared for the furnace and sustained serious and permanent injuries to compensate which damages were awarded in the judgment from which is this appeal in the sum of $800.

Mrs. Nathan had lost the sight of one eye and her vision in the other was impaired, and through her advanced age she had become very deaf and her memory very poor, facts unknown, however, to appellant's employees.

The case was submitted under instructions of which no complaint is made. These instructions were to the effect that there could be no recovery unless it were found that appellant's employees were guilty of negligence which was the proximate cause of the injury, and that the party injured was guilty of no negligence contributing to her injury.

The chief insistence for the reversal of the judgment —which is not complained of as being excessive—is that a verdict should have been directed in appellant's favor.

We are of opinion, however, that a case was made which should have been and was properly submitted to the jury. The hole was cut in a doorway leading from the living room to the dining room and was in the path of the most direct route one would walk in going from the living room to the dining room or kitchen. The hole

was left unguarded, uncovered and unattended while the workmen went to their lunch during the noon hour. During that time the aged lady undertook to walk from the living room, through the dining room, to the kitchen, and in doing so fell into the hole and sustained serious injuries.

We think the facts recited present questions of negligence and of contributory negligence, which questions were properly submitted to the jury and have been concluded by the verdict.

The judgment is, therefore, affirmed.